# UNITED STATES DISTRICT COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| JOSE L. MARTINEZ, JR.,<br><br>Petitioner,<br><br>vs.<br><br>CAROLYN COLVIN, Commissioner of Social Security,<br><br>Respondent. | Case No. 1:13-cv-00072-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Petitioner Jose Martinez's Petition for Review (Dkt. 1), filed February 12, 2013, seeking review of the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income benefits. The action is brought pursuant to 42 U.S.C. § 405(g). Having carefully reviewed the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

## I. ADMINISTRATIVE PROCEEDINGS

Petitioner Jose Martinez ("Petitioner") filed an application for benefits alleging an onset date of August 20, 2009. AR 113, 117. On December 23, 2011, Administrative Law Judge ("ALJ") Mark R. Dawson held a hearing in Albuquerque, New Mexico. Petitioner appeared at the hearing *via* video from Boise, Idaho, and a vocational expert, Kent Granat, MHR, also appeared and testified. *Id*. Petitioner was represented by an

**MEMORANDUM DECISION AND ORDER - 1**

attorney, Michael McCarthy.  AR 12, 25.

On January 6, 2012, the ALJ issued a decision, denying Petitioner's claims, finding that Petitioner was not disabled within the meaning of the Social Security Act. AR 12.  Petitioner timely requested review from the Appeals Council.  On December 11, 2012, after considering additional evidence submitted by Petitioner, the Appeals Council denied Petitioner's request for review (AR 1-3), making the ALJ's decision the final decision of the Commissioner of Social Security.

At the time of his alleged disability onset Petitioner was 50 years old, had a high school education and past work experience at the medium to heavy level.  AR 28, 227.

Having exhausted his administrative remedies, Petitioner timely filed the instant action, arguing that the ALJ failed (1) to articulate legitimate reasons for rejecting Dr. Gary Luken's opinion, and (2) to support his adverse credibility finding with substantial evidence.  *See* Pet.'s Br., p. 3 (Dkt. 19).

## II.  STANDARD OF REVIEW

To be upheld, the Commissioner's decision must be supported by substantial evidence and based on proper legal standards.  42 U.S.C. § 405(g); *Matney ex. rel. Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).  Findings as to any question of fact, if supported by substantial evidence, are conclusive.  42 U.S.C. § 405(g).  That is, if there is substantial evidence to support the ALJ's factual decisions, they must be upheld, even when there is conflicting evidence.  *Hall v. Sec'y of Health, Educ. & Welfare*, 602 F.2d 1372, 1374 (9th Cir. 1979).

**MEMORANDUM DECISION AND ORDER - 2**

"Substantial evidence" is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). The standard requires more than a scintilla but less than a preponderance of evidence, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989), and "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

With respect to questions of fact, the role of the Court is to review the record as a whole to determine whether it contains evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *See Richardson*, 402 U.S. at 401; *see also Matney*, 981 F.2d at 1019. The ALJ is responsible for determining credibility and resolving conflicts in medical testimony, *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984), resolving ambiguities, *see Vincent ex. rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984), and drawing inferences logically flowing from the evidence, *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). Where the evidence is susceptible to more than one rational interpretation in a disability proceeding, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ. *Flaten*, 44 F.3d at 1457; *Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985).

With respect to questions of law, the ALJ's decision must be based on proper legal standards and will be reversed for legal error. *Matney*, 981 F.2d at 1019. The ALJ's

**MEMORANDUM DECISION AND ORDER - 3**

construction of the Social Security Act is entitled to deference if it has a reasonable basis in law. *See id*. However, reviewing federal courts "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute." *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).

## III.  DISCUSSION

### A.  Sequential Processes

In evaluating the evidence presented at an administrative hearing, the ALJ must follow a sequential process in determining whether a person is disabled in general (*see* 20 C.F.R. §§ 404.1520, 416.920) – or continues to be disabled (*see* 20 C.F.R. §§ 404.1594, 416.994) – within the meaning of the Social Security Act.

The first step requires the ALJ to determine whether the claimant is engaged in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). SGA is defined as work activity that is both substantial and gainful. "Substantial work activity" is work activity that involves doing significant physical or mental activities. 20 C.F.R. §§ 404.1572(a), 416.972(a). "Gainful work activity" is work that is usually done for pay or profit, whether or not a profit is realized. 20 C.F.R. §§ 404.1572(b), 416.972(b). If the claimant has engaged in SGA, disability benefits are denied, regardless of how severe his physical/mental impairments are and regardless of his age, education, and work experience. 20 C.F.R. §§ 404.1520(b), 416.920(b). If the claimant is not engaged in SGA, the analysis proceeds to the second step. Here, the ALJ found that

Petitioner has not engaged in substantial gainful activity since his alleged onset date in August of 2009. AR 14.

The second step requires the ALJ to determine whether the claimant has a medically determinable impairment, or combination of impairments, that is severe and meets the duration requirement. 20 C.F.R. § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" within the meaning of the Social Security Act if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is "not severe" when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921. If the claimant does not have a severe medically determinable impairment or combination of impairments, disability benefits are denied. 20 C.F.R. §§ 404.1520(c), 416.920(c). Here, the ALJ found that Petitioner had the following severe impairments: fibromyalgia and degenerative disc disease of the cervical and lumbar regions. AR 14.

The third step requires the ALJ to determine the medical severity of any impairments; that is, whether the claimant's impairments meet or equal a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the answer is yes, the claimant is considered disabled under the Social Security Act and benefits are awarded. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the claimant's impairments neither meet nor equal one of the

**MEMORANDUM DECISION AND ORDER - 5**

listed impairments, the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. *Id*. Here, the ALJ concluded that Petitioner does not have an impairment (or combination of impairments) that meets or medically equals a listed impairment. AR 15.

The fourth step of the evaluation process requires the ALJ to determine whether the claimant's residual functional capacity is sufficient for the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). An individual's residual functional capacity is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments. 20 C.F.R. §§ 404.1545, 416.945. Likewise, an individual's past relevant work is work performed within the last 15 years or 15 years prior to the date that disability must be established; also, the work must have lasted long enough for the claimant to learn to do the job and be engaged in substantial gainful activity. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965. Here, the ALJ determined that Petitioner is able to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), AR 16, but is unable to perform past relevant work, AR 19.

In the fifth and final step, if it has been established that a claimant can no longer perform past relevant work because of his impairments, the burden shifts to the Commissioner to show that the claimant retains the ability to do alternate work and to demonstrate that such alternate work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1520(f), 416.920(f); *see*

**MEMORANDUM DECISION AND ORDER - 6**

*also Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993). Considering Petitioner's age, education, work experience, and residual functional capacity, the ALJ concluded that there are jobs existing in significant numbers in the national economy that Petitioner can perform. AR 19-20.

**B.     Analysis**

Petitioner challenges the ALJ's denial of disability benefits in two respects. First, the Court will address the ALJ's credibility determination and then the ALJ's consideration of the medical opinions.

   *1.     Petitioner's Credibility*

The ALJ found that Petitioner's medically determinable impairments could reasonably be expected to produce the symptoms he alleged but that his statements concerning the intensity, persistence, and limiting effects of his symptoms were not credible to the extent they were inconsistent with the residual functional capacity. AR 28, 32–34. Because there is no evidence of malingering, and Petitioner produced objective medical evidence of an underlying impairment which could reasonably be expected to produce some degree of pain or other symptoms, the ALJ may reject the claimant's testimony about the severity of the alleged pain or other symptoms by providing specific, clear and convincing reasons.[1] *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). The ALJ considered Petitioner's daily activities, inconsistencies in his testimony,

---

[1] Respondent suggests that this standard is incorrect. *See* Resp. Br., p. 10, n. 3. However, this Court is required to follow Ninth Circuit precedent and has done so here.

**MEMORANDUM DECISION AND ORDER - 7**

and minimal office visits or subjective complaints after a fibromyalgia diagnosis as factors in making his credibility determination.

Respondent concedes that the record does not "fully support" one of the ALJ's rationales for discrediting Petitioner's limitations testimony—the ALJ's finding that "the record documents minimal office visits or subjective complaints" after Petitioner was diagnosed with fibromyalgia. AR 17. *See also* Def.'s Br., p. 12 (Dkt. 21). To the contrary, the record shows numerous visits to Veteran's Administration clinics and several record notations of the fibromyalgia diagnosis and Petitioner's subjective pain complaints. *See, e.g.*, AR 425 (9-14-10 visit); AR 437 (5-16-11 visit); AR 440 (6-13-11 visit); AR 446 (3-15-10 visit); AR 450 (provider explained to Petitioner that his pain is caused by fibromyalgia); AR 571 (9-4-12 visit).

However, Respondent argues that any error by the ALJ regarding Petitioner seeking medical treatment for his fibromyalgia is "harmless," because the ALJ provided other, independently valid, reasons for his credibility finding. Def.'s Br., p. 12 (citing *Carmickle*, 533 F.3d 1155, 1162 (9th Cir. 2008) ("So long as there remains substantial evidence supporting the ALJ's conclusions on . . . credibility and the error does not negate the validity of the ALJ's ultimate [credibility] conclusion, such is deemed harmless and does not warrant reversal.") (internal quotation marks and citation omitted). For an error to be harmless, the ALJ's credibility determination must be supported by other substantial evidence. *Carmickle*, 533 F.3d at 1162.

The ALJ's error is not harmless because the other reasons relied on by the ALJ for his credibility determination do not amount to substantial evidence. The ALJ appropriately noted that Petitioner complained of pain and numbness in his hands and feet, but found that inconsistent with his testimony that "he continues to engage in woodcarving". AR 15. Petitioner testified that he likes "to do wood carvings, but sometimes the pain doesn't allow [him] to hold on" to the tools. AR 37. *See also* AR 186 ("1/2 hr little bit wood working"). The ALJ also appropriately considered that Petitioner in one disability report stated he was capable of preparing his own meals, but in another stated that he relies on relatives to help prepare meals. *Compare* AR 199 *with* AR 167; AR 188 (Petitioner states he makes "simple quick meals"); AR 179 (brother's testimony that Petitioner cooks complete meals).

However, another "inconsistency" the ALJ relied on in his credibility determination was based on equivocal information in the record. The ALJ found that Petitioner "inconsistently reported that his impairments significantly limit his ability to complete his activities of daily living". As an example, the ALJ cited to a notation in the record that Petitioner rode a bicycle in May of 2011. AR 17. Although Petitioner reported at a doctor's visit that he rode his bike one Saturday, he also reported that he experienced knee and feet pain on the trip back and had to walk the 1/2 mile home. AR 437.

Moreover, for an error to be considered harmless it must be "inconsequential to the ultimate nondisability determination." *Carmickle*, 533 F.3d at 1162. The ALJ

**MEMORANDUM DECISION AND ORDER - 9**

misapprehended the record related to Petitioner's subjective pain reports to physicians and whether he sought more than minimal treatment for a condition the ALJ found to be severe, Petitioner's fibromyalgia.  Thus, any mistake about the treatment Petitioner sought and received for this condition, as well as what he reported to his treatment providers in connection with this condition, relates to the ALJ's ultimate nondisability determination.  That Petitioner may have engaged in some activities, despite his claimed pain, does not, in this setting, amount to substantial evidence.

      2.      *The ALJ's Consideration of Dr. Gary Luken's opinion*

Dr. Gary Luken is a physician with the VA who completed an assessment for Petitioner on March 3, 2011.  AR 428–33.  The ALJ gave only some weight to Dr. Luken's opinion, citing reasons including that the ALJ found that the objective evidence does not support Dr. Luken's additional limitations.  AR 18.  However, because the ALJ appears to have not considered all of the objective medical records (as explained above), on remand the ALJ should consider whether the records from Petitioner's treatment after his fibromyalgia diagnosis call into question the ALJ's earlier finding that the objective medical evidence does not support the limitations Dr. Luken assessed.  *See, e.g.*, AR 433 (Dr. Luken finds that "[b]ack pain, joint pain prevent any consistent ability to work for more than 15-30 minutes at a time."); AR 439 (Petitioner describes increasing pain and provider notes 18/18 points related to fibromyalgia.).  It may be that the ALJ will determine that the objective medical evidence from the time after Petitioner was

diagnosed with fibromyalgia does not impact the ALJ's decision to give Dr. Luken's opinion only some weight because, for example, Dr. Luken cited only to rheumatoid arthritis as a basis for his assessment and not the fibromyalgia. *See* AR 429. However, the ALJ should first consider all the medical records and then determine whether and how they impact his earlier decision.

## IV.  CONCLUSION

The ALJ is the fact-finder and is solely responsible for weighing and drawing inferences from facts and determining credibility. *See Allen*, 749 F.2d at 579; *Vincent ex. rel. Vincent*, 739 F.2d at 1394; *Sample*, 694 F.2d at 642. If the evidence is susceptible to more than one rational interpretation, one of which is the ALJ's, the court may not substitute its own interpretation for that of the ALJ. *Key*, 754 F.2d at 1549.

However, the ALJ did not find more than minimal treatment records or subjective complaints regarding Petitioner's fibromyalgia, despite Petitioner's numerous visits to medical treatment providers after his fibromyalgia diagnosis. Because fibromyalgia was one of the potentially disabling conditions considered, the Court will remand this action for further proceedings to consider all of the medical records.

## V.  ORDER

Based on the foregoing, Petitioner's request for review is GRANTED. The Commissioner's decision is reversed and this matter is remanded pursuant to sentence

**MEMORANDUM DECISION AND ORDER - 11**

four of 42 U.S.C. § 405(g) for further proceedings consistent with this Memorandum Decision and Order.  *See Melkonyan v. Sullivan*, 501 U.S. 89, 99–100 (1991).



DATED:  **March 19, 2014**

_____
Honorable Ronald E. Bush
U. S. Magistrate Judge